IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LIZZIE HAGAN,<br>Estate administrator for Ella Faye Piland,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO. 2:20-cv-964-JTA<br>    (WO) |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the deceased claimant, Ella Faye Piland[1] ("Piland"), brought this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Piland's claim for Disabled Widow's Benefits ("DWB"). (*Id.*) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 9, 10.)

After careful scrutiny of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be REVERSED and this matter be REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Piland was succeeded by Lizzie Hagan as the plaintiff in this action. Hagan is the administrator of Piland's estate. (*See* Doc. No. 24.)

[2] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I.   PROCEDURAL HISTORY AND FACTS

Piland was born on October 16, 1963 and was 56 years old at the time of the administrative hearing held on December 4, 2019.  (R. 55, 209.)[3]  She completed high school and her past relevant work includes sales attendant, cashier checker and stock person.  (R. 68-69, 232.)  Piland alleged a disability onset date of December 31, 2016, due to arthritis in her lower back, depression, anxiety, osteoarthritis, and numbness in her left hand.  (R. 231, 237.)

On February 4, 2019, Piland protectively applied for DWB under Title II of the Social Security Act (42 U.S.C. §§ 401, *et seq*.).  (R. 208.)  The claim was initially denied on May 16, 2019. (R. 144-46.)  Piland requested an administrative hearing on June 26, 2019.  (R. 153.)  The hearing was held on December 4, 2019.  (R. 37.)  The Administrative Law Judge ("ALJ") returned an unfavorable decision on January 29, 2020 (R. 33-42), and Piland filed a request for review by the Appeals Council.  (R. 207.)  On September 21, 2020, the Appeals Council denied Piland's request for review (R. 1-4), and the hearing decision became the final decision of the Commissioner.[4]  On November 20, 2020, Piland filed the instant action seeking review of the Commissioner's final decision.  (Doc. No. 1.)

---

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case.  (Doc. No. 22.)

[4] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).  Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The district court may remand a case to the

Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

## III.    STANDARD FOR DETERMINING DISABILITY

Under the Social Security Act, the widow of a fully insured individual is entitled to DWB if she establishes that she is at least 50, but less than 60 years of age, and is disabled. *Miles v. Soc. Sec. Admin., Comm'r,* 469 F. App'x 743, 744 (11th Cir. 2012) (citing 20 C.F.R. § 404.335(c)).[5]   The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined by a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520.  The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).  First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  "Substantial gainful activity" is work activity that involves significant physical or mental activities.  20 C.F.R. § 404.1572(a).  If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim

---

[5] Although DWB and Disability Insurance Benefits are separate programs, the standard for determining disability under the programs is the same.  *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

disability.  20 C.F.R. § 404.1520(b).  Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  Absent such impairment, the claimant may not claim disability.  (*Id.*)  Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).  If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis.  At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments.  20 C.F.R. § 404.1520(e).  The ALJ must determine whether the claimant has the RFC to perform past relevant work.  20 C.F.R. § 404.1520(f).  If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled.  20 C.F.R. § 404.1560(b)(3).  If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step.  20 C.F.R. § 404.1520(g)(1).  In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience.  20 C.F.R. § 404.1560(c).  Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c).

### IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Piland met the non-disability requirements for DWB set forth in section 202(e) of the Social Security Act because she was the unmarried widow of a deceased insured worker and had attained the age of 50.  (R. 35.)  The ALJ determined that the prescribed period would end on September 30, 2023, and Piland had not engaged in substantial gainful activity since December 23, 2018.  (R. 33-34, 35.)

The ALJ found that Piland suffered from the following severe impairments: diabetes mellitus, carpal tunnel syndrome, obesity, and degenerative disc disease of the lumbar spine.  (R. 35.)  He also found that her anxiety and depression did "not cause more than minimal limitation in her ability to perform basic mental work activities and were therefore non-severe."  (R. 36.)  In making this determination, the ALJ considered whether Piland had limitations in the broad functional areas of (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persistence or maintaining pace; and (4) adapting or managing oneself.  (R. 36.)  His review of treatment records related to her major depressive disorder and generalized anxiety disorder led him to find that Piland was no more than mildly limited in any functional area.  (R. 36.)

The ALJ concluded that Piland's severe impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (R. 36.)  The ALJ specifically found that her degenerative disc disease did not meet Listing 1.04 because the record did not demonstrate compromise of a nerve root or spinal cord with additional findings of (A) nerve root compression characterized by neuro-

anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, or, where the lower back is involved, positive straight-leg raising; or (B) spinal arachnoiditis; or (C) lumbar spinal stenosis resulting in pseudoclaudication. (R. 36-37.)  The ALJ found that Piland did not meet Listing 1.02 because her carpal tunnel syndrome did not prevent her from effectively performing fine and gross movements.  (R. 37.)  Further, the ALJ stated his obligation, under Social Security Ruling ("SSR") 19-2p, to consider the effects of obesity upon functional limitations when, as in Piland's case, it was identified as a medically determinable impairment.  (R. 37.)

The ALJ further found that, after careful consideration of the entire record, Piland had the RFC to perform light work[6] as defined in 20 C.F.R. § 404.1567(b), except she was only able to climb, stoop, kneel, crouch and crawl frequently.  (R. 37.)   The Vocational Expert ("VE") at the administrative hearing described Piland's past work as stock clerk, sales attendant and cashier checker.  (R. 70.)  The VE confirmed that her categorization of these positions was consistent with the Dictionary of Occupational Titles ("DOT").  (R. 70.)  The ALJ relied on this testimony in finding that Piland was capable of performing past relevant work as a sales attendant and a cashier checker.  (R. 41.)  The ALJ also stated "When presented with a hypothetical (adopted as the RFC), the VE stated that [Piland] could return to these jobs."  (R. 41.)  The ALJ also stated that Piland's testimony regarding

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

her daily activities provided support for his conclusion that she could perform the light work requirements of these occupations.  (R. 41.)  Consequently, the ALJ concluded that based on the application for DWB, Piland was not disabled under sections 202(e) and 223(d) of the Social Security Act.  (R. 42.)

## V.    DISCUSSION

Hagan presents three arguments on appeal.  (Doc. No. 16.)  First, she argues that the ALJ's finding that Piland could perform her past relevant work was not supported by substantial evidence. Second, Hagan asserts that the ALJ's RFC finding is not based on substantial evidence. Third, Hagan argues that the Medical-Vocational Guidelines direct a finding of disability for a claimant of Piland's age who is limited to light work and unable to perform past work with no transferable work skills. Upon a thorough review of the record and the parties' submissions, the Court finds that Hagan's first argument warrants reversal and remand for further proceedings.

A.  Past Relevant Work

Hagan contends that the ALJ's finding that Piland could perform her past relevant work was not supported by substantial evidence for two reasons.  First, Hagan argues the ALJ failed to comply with Social Security Ruling ("SSR") 82-62 by neglecting to make findings regarding the physical and mental requirements of Piland's past relevant work as cashier checker and sales attendant and neglecting to obtain statements from Piland regarding the duties of those jobs that she could no longer perform.   Second, Hagan argues the ALJ mischaracterized the VE's testimony as he did not present the VE with any hypotheticals during the administrative hearing.

In response, the Commissioner contends that substantial evidence supports the ALJ's decision.  The Commissioner argues that Piland testified regarding the lifting demands of her past relevant work for stocker, sales attendant, and cashier.  The Commissioner also argues, though an ALJ is not required to consult a VE in determining whether a claimant can perform past relevant work, the ALJ here did so and the VE testified regarding the DOT classifications of Piland's past work.  The Commissioner contends that "While the ALJ mistakenly stated that he provided a hypothetical to the VE, it is clear from the record that the ALJ properly relied on [Piland's] description of her former work and the [DOT] to determine the demands of [her] past relevant work." (Doc. No. 21 at 5.)  The Commissioner further contends Piland's description of her work and the DOT provide substantial evidence to support the ALJ's finding that she could perform her past relevant work.

A claimant bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec*., 379 F. App'x 948, 953 (11th Cir. 2010) (per curiam) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293–94 (11th Cir. 1986) (per curiam)). Generally, a claimant is not disabled if she can perform past relevant work, "either as the claimant actually performed it or as generally performed in the national economy."  20 C.F.R. § 404.1560(b)(2).  During step four of the five-step sequential evaluation process, the ALJ must (1) assess the claimant's RFC and (2) identify the "physical and mental demands" of the claimant's past work to determine if those demands are compatible with

the claimant's current abilities.  *Holder v. Soc. Sec. Admin*., 771 F. App'x 896, 897 (11th Cir. 2019) (quoting 20 C.F.R. § 416.945(a)(1)).

SSR 82-62 provides that where an ALJ finds that a claimant can perform a past relevant job, the ALJ must make a finding of fact as to the claimant's RFC, a finding of fact as to the physical and mental demands of the past job or occupation, and a finding of fact that the claimant's RFC would permit a return to the past job or occupation.  SSR 82-62, 1982 WL 31386, at *4 (1982).

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

1982 WL 31386, at *3.  This Court has previously found that SSR 82-62 "only requires that sufficient documentation be obtained 'to permit a decision as to the individual's ability to return to such past work.' "  *Nobles v. Astrue*, Civ. No. 2:08cv124-CSC, 2009 WL 275643, at *2 (M.D. Ala. Feb. 5, 2009).

As the decision reflects, the ALJ found that Piland had the RFC to perform light work except she is only able to climb, stoop, kneel, crouch, and crawl frequently.  (R. 37.) The ALJ noted that his decision was made with the assistance of VE testimony.  (R. 41.) The ALJ also noted that Piland has past work as a sales attendant and cashier checker.  (R. 41.)  The  ALJ further noted the VE testified that the DOT classifies Piland's past work as

a sales attendant, which is within the light range of unskilled work, and as a cashier checker,

which is within the light range of semi-skilled work.  (R. 41.)  The ALJ found that Piland

was capable of performing her past relevant work as a sales attendant and a cashier checker

because that work does not require the performance of work-related activities precluded by

her RFC.  (R. 41.)

> In comparing [Piland's] RFC with the physical and mental demands of her
> past work, I find that [she] is able to perform the positions as a sales attendant
> and a cashier checker as [she] performed the jobs and as the jobs are actually
> performed.  *When presented with a hypothetical (adopted as the RFC), the
> VE stated that [Piland] could return to these jobs.*  This is supported by the
> medical evidence and [Piland's] own statements of her activities.  The file
> does not contain any reliable opinions by her doctors that she is incapable of
> performing her duties in the above listed positions.  Therefore, [Piland] can
> return to work as a sales attendant and cashier checker as the jobs are
> generally performed and as [Piland] actually performed the jobs.

(R. 41) (emphasis added).

Yet, as the hearing transcript reveals, there is no hypothetical question posed to the

VE which corresponded to the RFC ultimately adopted by the ALJ.  In fact, the ALJ posed

no hypothetical question to the VE.  The ALJ only asked the VE two questions: (1) to

describe Piland's past work and (2) whether those positions were found in the DOT.  (R.

69-70.)  The ALJ did not address any work limitations of Piland with the VE.  The ALJ

relied expressly on the VE's testimony for his conclusion that she could perform her past

relevant work with the limitations in his RFC, but this reliance was unsupported by the

record.  The Court is unclear whether the ALJ's finding of the past relevant work that

Piland can perform takes into account all of her limitations noted in the RFC.  Accordingly,

the ALJ erred in relying on the testimony of the VE in making his finding and the Court finds that the error was reversible.

Further, the Court is unpersuaded by the Commissioner's argument.   The Commissioner correctly argues that an ALJ is not required to use the testimony of a VE to address the issue of whether the claimant can engage in her past relevant work.   *See Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) ("VE testimony is not required in determining whether a claimant can perform her past relevant work"); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) ("because the ALJ concluded that [the claimant] is capable of performing her past relevant work, testimony from a vocational expert was not necessary"); 20 C.F.R. § 404.1560  ("We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles"  . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity.").   However, if the ALJ uses the testimony of a VE at this step in the sequential evaluation process, the ALJ must do so properly by posing an accurate hypothetical question to the VE that accounts for all of the claimant's restrictions.   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 7 (11th Cir. 2004) (noting "for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments"); 20 C.F.R. § 404.1560  (stating "a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as

generally performed in the national economy.").  Where the hypothetical posed to a VE does not comprehensively describe all the claimant's impairments and restrictions, an ALJ's decision based significantly on the VE's testimony will be deemed to be unsupported by substantial evidence.  *Pendley v. Heckler*, 767 F.2d 1561, 1562–63 (11th Cir. 1985) (per curiam) (citing *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (per curiam)).[7]  Here, the ALJ significantly relied on the testimony of the VE in response to a hypothetical in finding that Piland could perform her past relevant work when such testimony does not exist.  As such, substantial evidence does not support the ALJ's finding.

B.  Remaining Arguments

Because the case is being remanded to the Commissioner for further consideration, the Court need not address Hagan's remaining arguments.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that where remand is required, it may be unnecessary to review other issues raised) (citations omitted); *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors). On remand, however, the Commissioner should reassess the entire record, providing sufficient reasons and readily identifiable evidentiary support for his decision.  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (holding that, on remand, the ALJ must reassess the entire record) (citation omitted).

---

[7] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

## VI.    CONCLUSION

For the reasons stated, the Court finds that the decision of the Commissioner is not supported by substantial evidence.  Therefore, it is hereby

ORDERED that the decision of the Commissioner is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is REMANDED for further proceedings consistent with this opinion.

A separate judgment will be issued.

DONE this 25th day of August, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE